The main issue in this case is whether a party to a foodservice contract waived its right to assert any rights it might have had under a mediation/arbitration clause in the contract. The trial court, finding no waiver, referred the dispute between the parties to mediation, with nonbinding arbitration to follow if the mediation proved unsuccessful. Based on the particular facts of this case, we conclude that the trial court erred.
Morrison Restaurants, Inc. ("Morrison"), entered into a contract with The Homestead Village of Fairhope, Ltd. ("Homestead"), by which it agreed to manage food-service and related operations at Homestead's retirement community. Under the agreement, Morrison provided the services for over a year, during which time Homestead failed to pay Morrison. Consequently, on July 24, 1996, Morrison sued Homestead in the Mobile County Circuit Court, seeking payment for the services it had rendered; Homestead answered, with a general denial, on September 16, 1996. Morrison subsequently filed a motion for a summary judgment on November 1, 1996, accompanied by a narrative statement of facts, an affidavit by Morrison's credit manager, a copy of the agreement, and copies of numerous invoices it had submitted to Homestead. Homestead responded to Morrison's motion by filing its own narrative statement of facts and affidavits by Homestead's general manager and its finance manager. The trial court granted a summary judgment, as to liability, on February 13, 1997. Following the entry of that judgment, but before a scheduled hearing on damages, Homestead obtained new counsel, who filed his notice of appearance on February 19, 1997. On March 24, Homestead's new counsel filed a motion entitled "Motion to Refer to Mediation and/or Arbitration." That motion stated:
 "Defendant, The Homestead Village of Fairhope, Ltd., moves this Court for an order referring all matters relating to this case to mediation and arbitration on grounds that Article 12 of the Agreement governing the relationship of these parties provides for mediation for any claim or controversy arising out of the Agreement and thereafter mandates [that] any unresolved dispute [be referred] to arbitration . . . . WHEREFORE, Defendant prays this Court will . . . refer the case to mediation and arbitration pursuant to the agreement of the parties."
The trial court granted Homestead's motion. Morrison filed a "notice of appeal" from the trial court's order compelling mediation/arbitration.
Before we discuss the issues presented by the parties, we first consider whether the trial court's order was reviewable, thereby quickening this Court's jurisdiction. The fact that Morrison styled its request for relief as an appeal is not determinative. The order entered in this case is one referring a pending case to mediation and/or arbitration. This Court has previously held that a petition for a writ of mandamus is the appropriate method of challenging an order referring a case to arbitration. Ex parte Alexander, 558 So.2d 364 (Ala. 1990). Accordingly, we treat Morrison's "appeal" as, in reality, a petition for a writ of mandamus. See, e.g., Lopez v. HomeBuyers Warranty Corp., 628 So.2d 361 (Ala. 1993), on remand from the United States Supreme Court, 670 So.2d 35 (Ala. 1995), for a case in which this Court followed the same procedure.
Having determined that this Court does have jurisdiction to decide the issues presented, we now consider Morrison's request for relief. Morrison makes three principal arguments for setting aside the arbitration order: (1) that Homestead had waived its right to have the case referred to mediation and arbitration; (2) that the trial court erred in granting Homestead's motion to refer because it was untimely; and (3) that the trial court erred in granting Homestead's motion to refer because the trial court did not hear arguments from Morrison before granting the motion. *Page 907 
We first consider Morrison's argument that Homestead had waived its right to have the case referred to mediation/arbitration. This Court has held:
 "It is well settled under Alabama law that a party may waive its right to arbitrate a dispute if it substantially invokes the litigation process and thereby substantially prejudices the party opposing arbitration. Whether a party's participation in an action amounts to an enforceable waiver of its right to arbitrate depends on whether the participation bespeaks an intention to abandon the right in favor of the judicial process and, if so, whether the opposing party would be prejudiced by a subsequent order requiring it to submit to arbitration. No rigid rule exists for determining what constitutes a waiver of the right to arbitrate; the determination as to whether there has been a waiver must, instead, be based on the particular facts of each case. See Huntsville Golf Development, Inc. v. Aetna Casualty Surety Co., 632 So.2d 459 (Ala. 1994); Ex parte McKinney, 515 So.2d 693 n. 2 (Ala. 1987); Ex parte Merrill Lynch, Pierce, Fenner Smith, Inc., 494 So.2d 1
(Ala. 1986); Ex parte Costa Head (Atrium), Ltd., 486 So.2d 1272 (Ala. 1986), overruled on other grounds, Ex parte Jones, 628 So.2d 316 (Ala. 1993). In accord, see S H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507 (11th Cir. 1990), cert. denied, 498 U.S. 1026, 111 S.Ct. 677, 112 L.Ed.2d 669 (1991)."
Companion Life Ins. Co. v. Whitesell Mfg., Inc., 670 So.2d 897,899 (Ala. 1995).
Applying the rule quoted above from Companion Life, we conclude that Homestead had waived its right to mediation or arbitration. Homestead failed to seek mediation or arbitration either in its answer or in its response to Morrison's motion for summary judgment. In fact, eight months passed from the filing of the complaint before Homestead first asserted its right, in a motion filed on March 24, 1997. Further, and perhaps more important, when Homestead did assert its right to mediation or arbitration under the contract, it was not until after it had suffered an adverse ruling, in the form of the summary judgment as to liability. In light of these facts, we conclude that Homestead's actions indicate it intended to avail itself of the litigation process in lieu of the mediation/arbitration provisions in the contract. In addition, to refer the case to mediation or arbitration at such a late date would prejudice Morrison.
It is well established that the writ of mandamus is an extraordinary remedy and requires a showing that there is "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parteAlfab, Inc., 586 So.2d 889, 891 (Ala. 1991). We conclude that, because Homestead waived its right to mediation or arbitration, each of these elements is met in this case. Consequently, Morrison is entitled to the relief it requests.
Because we conclude that Morrison is entitled to the writ of mandamus, we need not consider the other arguments raised by the parties, and we find it unnecessary to address whether the underlying agreement to submit any controversy to nonbinding arbitration is covered by the provisions of the Federal Arbitration Act.[1] Accordingly, we *Page 908 
grant the petition for the writ of mandamus. The trial court is directed to vacate its order granting Homestead's motion to refer, and the cause is remanded for further proceedings consistent with this opinion.
PETITION GRANTED; CAUSE REMANDED.
HOOPER, C.J., and SHORES, KENNEDY, and BUTTS, JJ., concur.
[1] The arbitration clause in this case reads as follows:
 "Any controversy or claim arising out of or relating to this Agreement or the breach, termination or validity thereof which cannot be resolved through good faith negotiations shall be first placed in mediation under the Commercial Mediation Rules of the American Arbitration Association in effect on the date of this Agreement before resorting to arbitration. Thereafter, any unresolved dispute arising out of or relating to this Agreement or the breach, termination, or validity thereof shall be placed in [nonbinding] arbitration, or binding arbitration upon agreement of both parties, in accordance with the Commercial Arbitration Rules of the American Arbitration Association in effect on the date of this Agreement. The parties agree to exercise their best efforts to promptly settle such controversies and, if not settled, to promptly proceed through mediation and arbitration or other mutually agreeable form of Alternative Dispute Resolution process in order to keep costs associated with the controversy to a minimum."
 Neither party raises any question relating to the applicability of the Federal Arbitration Act to an agreement reading as this one does. Our holding in this case is based simply on the finding of a waiver.