On Application for Rehearing
The opinion of July 3, 2002, is withdrawn and the following is substituted therefor.
Conseco Finance Corp.-Alabama ("Conseco") appeals from the trial court's denial of its motion to compel arbitration. We reverse and remand.
 Factual and Procedural Background
On March 19, 1999, John T. Salter purchased a mobile home from Southern Lifestyle Manufactured Housing, Inc., located in Bay Minette. In connection with this purchase, Salter executed a Manufactured Home Retail Installment Contract and Security Agreement ("the installment contract"), which reflected that the installment contract was to be assigned to Green Tree Financial Corp.-Alabama, located in Pensacola, Florida. Green Tree Financial Corp.-Alabama is now known as Conseco Finance Corp.-Alabama.
The installment contract contained the following arbitration provision:
 "14. ARBITRATION: ALL DISPUTES, CLAIMS, OR CONTROVERSIES ARISING FROM OR RELATING TO THIS CONTRACT OR THE PARTIES THERETO SHALL BE RESOLVED BY BINDING ARBITRATION BY ONE ARBITRATOR SELECTED BY YOU [CONSECO] WITH MY [SALTER'S] CONSENT. THIS AGREEMENT IS MADE PURSUANT TO A TRANSACTION IN INTERSTATE COMMERCE, AND SHALL BE GOVERNED BY THE FEDERAL ARBITRATION ACT AT 9 U.S.C. SECTION 1. JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED BY ANY COURT HAVING JURISDICTION. THE PARTIES AGREE AND UNDERSTAND THAT THEY CHOOSE ARBITRATION INSTEAD OF LITIGATION TO RESOLVE DISPUTES. THE PARTIES UNDERSTAND THAT THEY HAVE A RIGHT TO LITIGATE DISPUTES IN COURT, BUT THAT THEY PREFER TO RESOLVE THEIR DISPUTES THROUGH ARBITRATION, EXCEPT AS PROVIDED HEREIN. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY YOU (AS PROVIDED HEREIN). THE PARTIES AGREE AND UNDERSTAND THAT ALL DISPUTES ARISING UNDER CASE LAW, STATUTORY LAW, AND ALL OTHER LAWS INCLUDING, BUT NOT LIMITED TO, ALL CONTRACT, TORT, AND PROPERTY DISPUTES WILL BE SUBJECT TO BINDING ARBITRATION IN ACCORD WITH THIS CONTRACT. THE PARTIES AGREE THAT THE ARBITRATOR SHALL HAVE ALL POWERS PROVIDED BY THE LAW, THE CONTRACT AND THE AGREEMENT OF THE PARTIES. THESE POWERS SHALL INCLUDE ALL LEGAL AND EQUITABLE REMEDIES INCLUDING, BUT NOT LIMITED TO, MONEY DAMAGES, DECLARATORY RELIEF *Page 1079 
AND INJUNCTIVE RELIEF. NOTWITHSTANDING ANYTHING [HEREIN TO] THE CONTRARY, YOU RETAIN AN OPTION TO USE JUDICIAL (FILING A LAWSUIT) OR NON-JUDICIAL RELIEF TO ENFORCE A SECURITY AGREEMENT RELATING TO THE MANUFACTURED HOME SECURED IN A TRANSACTION UNDERLYING THIS ARBITRATION AGREEMENT, TO ENFORCE THE MONETARY OBLIGATION SECURED BY THE MANUFACTURED HOME OR TO FORECLOSE ON THE MANUFACTURED HOME. THE INSTITUTION AND MAINTENANCE OF A LAWSUIT TO FORECLOSE UPON ANY COLLATERAL, TO OBTAIN A MONETARY JUDGMENT OR TO ENFORCE THE SECURITY AGREEMENT SHALL NOT CONSTITUTE A WAIVER OF THE RIGHT OF ANY PARTY TO COMPEL ARBITRATION REGARDING ANY OTHER DISPUTE OR REMEDY SUBJECT TO ARBITRATION IN THIS CONTRACT, INCLUDING THE FILING OF A COUNTERCLAIM IN A SUIT BROUGHT BY YOU PURSUANT TO THIS PROVISION.
 "15. WAIVER OF JURY TRIAL: I HEREBY WAIVE ANY RIGHT TO A TRIAL BY JURY THAT I HAVE IN ANY SUBSEQUENT LITIGATION BETWEEN ME AND THE SELLER, OR ME AND ANY ASSIGNEE OF THE SELLER. WHERE SUCH LITIGATION ARISES OUT OF, IS RELATED TO, OR IS IN CONNECTION WITH ANY PROVISION OF THIS CONTRACT WHETHER THE CONTRACT IS ASSERTED AS THE BASIS FOR A CLAIM, COUNTERCLAIM OR CROSSCLAIM, OR A DEFENSE TO A CLAIM, COUNTERCLAIM OR CROSSCLAIM."
(Capitalization original; emphasis added.)
On March 29, 2001, Conseco instituted this action in the Baldwin Circuit Court, alleging that Salter was in default for failing to timely make the payments due under the installment contract. Conseco sought recovery of the mobile home or, in the alternative, an amount representing the value thereof and damages for Salter's wrongful detention of the mobile home; Conseco also sought a money judgment in the amount of $59,033.29, plus interest, and the costs of the litigation and attorney fees. Conseco also filed a motion for a prejudgment writ of seizure.
On April 27, 2001, the trial court granted Conseco's motion for a writ of seizure and issued the writ; however, on May 2, 2001, Conseco filed a motion with the trial court, asking the trial court to set aside its writ of seizure. Salter asserts that during the course of discussions with him after it instituted its action, Conseco learned that Salter had made all of his payments in a timely manner and that his account had never been in default. Salter further asserts that the writ of seizure was issued only because Conseco failed to timely notify the trial court that Salter's account was not in default.
On August 17, 2001, Salter filed an answer and counterclaims in response to Conseco's complaint. Salter sought a judgment declaring that his account with Conseco was not in default and that all payments he lawfully owed Conseco had been paid. Salter also asserted counterclaims alleging negligence and the tort of outrage arising out of Conseco's continued attempts to collect the purportedly delinquent payments.
Three days later, on August 20, 2001, the trial court conducted a hearing on Conseco's pending claims. At that hearing, *Page 1080 
Conseco voluntarily withdrew its claims,[1] and only Salter's counterclaims remained pending.
On September 28, 2001, Salter filed a motion seeking to enjoin Conseco from further collection attempts and requesting an immediate hearing. Salter alleged that even after Conseco learned that his account was not in default, Conseco continued to harass him by repeatedly telephoning Salter's home and by contacting Salter's neighbors and making what Salter says were defamatory statements about him. The trial court granted Salter's motion and entered a preliminary injunction on October 17, 2001.
On the day the trial court entered the preliminary injunction, Conseco filed its motion to compel arbitration of Salter's claims against it and a supporting affidavit, seeking to enforce the arbitration provision contained in the installment contract. On November 13, 2001, Conseco filed a brief in support of its motion to compel arbitration. On that same day, the trial court denied Conseco's motion, finding that Conseco had substantially invoked the litigation process and thereby had waived its right to enforce the arbitration provision. Conseco appeals from that order.
 Standard of Review
A direct appeal is the proper procedure by which to seek review of a trial court's order granting or denying a motion to compel arbitration. Rule 4(d), Ala.R.App.P. This Court reviews de novo a trial court's grant or denial of a motion to compel arbitration. Vann v. First Cmty. CreditCorp., [Ms. 1010113, March 8, 2002] 834 So.2d 751 (Ala. 2002); Ex parteRoberson, 749 So.2d 441, 446 (Ala. 1999).
 Discussion
In Ex parte Greenstreet, Inc., 806 So.2d 1203, 1209 (Ala. 2001), this Court held:
 "[O]nce a moving party has satisfied its burden of production by making a prima facie showing that an agreement to arbitrate exists in a contract relating to a transaction substantially affecting interstate commerce, the burden of persuasion shifts to the party opposing arbitration. If that party presents no evidence in opposition to a properly supported motion to compel arbitration, then the trial court should grant the motion to compel arbitration."
The record before this Court establishes that an "agreement to arbitrate exists in a contract relating to a transaction substantially affecting interstate commerce." Ex parte Greenstreet, supra. It is undisputed that Salter executed the installment contract, which contained an agreement to arbitrate. It is also undisputed that Salter's transaction substantially affected interstate commerce.[2] Thus, Conseco has properly supported its motion to compel arbitration and the burden of persuasion shifted to Salter to oppose that motion.
The only opposition Salter offers to Conseco's properly supported motion to compel arbitration is his claim that Conseco waived its right to compel arbitration by substantially invoking the litigation process. We note that a presumption exists against a finding that a party has waived the right to compel arbitration. See Lee v. YES of Russellville,Inc., 784 So.2d 1022, *Page 1081 
1028 (Ala. 2000); Eastern Dredging Constr.,Inc. v. Parliament House, L.L.C., 698 So.2d 102 (Ala. 1997). "A party seeking to prove a waiver of a right to arbitrate carries a heavy burden, and the courts will not lightly infer a waiver of the right to compel arbitration." Lee, 784 So.2d at 1028-29, citing Mutual Assurance,Inc. v. Wilson, 716 So.2d 1160 (Ala. 1998).
In First Family Financial Services, Inc. v. Jackson, 786 So.2d 1121
(Ala. 2000), this Court addressed the issue whether the defendant in that case had waived its right to compel arbitration. This Court stated:
 "We will find a waiver of the right to compel arbitration only when `the party seeking arbitration has so substantially invoked the litigation process that to compel arbitration will substantially prejudice the party opposing it.' Georgia Power Co. v. Partin, 727 So.2d 2, 7 (Ala. 1998). In Companion Life Insurance Co. v. Whitesell Manufacturing, Inc., 670 So.2d 897 (Ala. 1995), this Court said:
 "`Whether a party's participation in an action amounts to an enforceable waiver of its right to arbitrate depends on whether the participation bespeaks an intention to abandon the right in favor of the judicial process and, if so, whether the opposing party would be prejudiced by a subsequent order requiring it to submit to arbitration. No rigid rule exists for determining what constitutes a waiver of the right to arbitrate; the determination as to whether there has been a waiver must, instead, be based on the particular facts of each case.'
"670 So.2d at 899."
First Family Financial Servs., 786 So.2d at 1128.
The First Family Court continued:
 "The record in this case shows unequivocally that First Family did not substantially invoke the litigation process before it moved to compel arbitration. The first document First Family filed was its motion to compel arbitration. Like the defendant in [Ex parte] Merrill Lynch[, Pierce, Fenner Smith, Inc., 494 So.2d 1 (Ala. 1986)], First Family did not even answer the complaint. The only other documents in the record that First Family filed are its brief in support of its motion to compel arbitration, evidentiary filings also in support of that motion, and its notice of appeal to this Court. Jackson had the heavy burden of proving both that First Family had substantially invoked the litigation process and that he was prejudiced thereby. He did not meet that burden."
786 So.2d at 1128 (citations omitted).
In this case, as in First Family, the record reflects that Conseco did not "bespeak an intention to abandon the right [of arbitration] in favor of the judicial process." Id. at 1128. Conseco initiated this action; however, the mere filing of a pleading does not constitute a waiver of the right to compel arbitration. See, e.g., Ex parte Smith, 736 So.2d 604
(Ala. 1999). Additionally, as evidenced by the express language of the arbitration provision, the parties specifically agreed that Conseco retained the right to seek judicial relief "to enforce a security agreement relating to the manufactured home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the manufactured home or to foreclose on the manufactured home," and that the filing of such an action would not constitute a waiver of Conseco's right to seek arbitration. The relief requested by Conseco in its complaint falls within the parameters of the judicial relief specifically agreed to by Salter. *Page 1082 
Additionally, we do not agree that Conseco substantially invoked the litigation process by appearing at hearings held on its action and by participating in discussions with Salter regarding the status of his account. Because Salter agreed that Conseco retained the right to seek judicial relief "to enforce a security agreement relating to the manufactured home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the manufactured home or to foreclose on the manufactured home" and that such an action would not constitute a waiver of Conseco's right to compel arbitration, Conseco was also entitled to pursue that action once it was filed. It would be meaningless for Salter to agree that Conseco could file such an action in the trial court without waiving its right to compel arbitration, but that Conseco could not pursue that action without waiving its right to compel arbitration. This same reasoning applies to Salter's argument that Conseco participated in "discovery" by discussing with Salter the status of his account. Neither informal discussions among the parties regarding a disputed issue nor settlement negotiations among the parties constitute "discovery."
Finally, we note that Conseco moved to compel arbitration within two months after Salter filed his counterclaims. Once Salter asserted his counterclaims, Conseco's only filing in the trial court related to enforcement of the parties' agreement to arbitrate.
Salter has failed to prove that Conseco substantially invoked the litigation process; therefore, Conseco has not waived its right to compel arbitration. Because Salter has not proven that Conseco substantially invoked the litigation process, we need not address whether Salter would be prejudiced by an order compelling arbitration.
Conseco has properly supported its motion to compel arbitration. Salter has failed to establish that Conseco waived its right to compel arbitration by substantially invoking the litigation process. For these reasons, we conclude that the trial court erred in denying Conseco's motion to compel arbitration. We reverse the trial court's order of November 13, 2001, and remand this case to the trial court for the entry of an order granting Conseco's motion to compel arbitration.
APPLICATION OVERRULED; OPINION OF JULY 3, 2002, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED WITH INSTRUCTIONS.
Houston, See, Lyons, Brown, Harwood, and Woodall, JJ., concur.
Moore, C.J., and Johnstone, J., dissent.
[1] Although the record does not indicate why Conseco voluntarily withdrew its claims, Salter alleges that, as a result of his discussions with Conseco, Conseco realized that his account was current and that it had not been in default.
[2] Salter does not challenge Conseco's claim that the transaction at issue substantially affected interstate commerce.