Zedot Construction, Inc., appeals from the Jefferson Circuit Court's denial of Zedot's motion to compel arbitration.
 I. Facts and Procedural History
Zedot, acting as general contractor on a construction project in Jefferson County, entered into a subcontract with Red Sullivan's Conditioned Air Services, Inc. ("CAS"), under which CAS was to perform certain work on the project. The subcontract contained an arbitration clause.
Because, according to Zedot, CAS's work on the project was deficient, Zedot terminated CAS and hired a new subcontractor. On January 20, 2005, CAS sued Zedot in the Jefferson Circuit Court, alleging breach of contract, open account, unjust enrichment, and a violation of the Alabama Prompt Pay Act.
On February 24, 2005, Zedot filed a motion to dismiss, which made no mention of the arbitration clause. Rather, Zedot's motion argued that CAS's claim was barred by the two-year statute of limitations set out in § 6-5-221, Ala. Code 1975, for civil actions against builders. "Builders" are defined in § 6-5-220, Ala. Code 1975, as "[a]ny individual, partnership, firm, or corporation that constructed, or performed or managed the construction of, an improvement, or any portion thereof, on or to real estate, and at the time of the construction waslicensed as a general contractor in the State of Alabama." (Emphasis added.) In support of its contention that §6-5-221 applied to CAS's claims, Zedot attached to its motion to dismiss the affidavit of Joseph Rogers, the executive secretary of the Alabama Licensing Board for General Contractors. Rogers stated in his affidavit that Zedot is a licensed general contractor in Alabama. Because Rogers's affidavit was not excluded by the trial court, Zedot's motion to dismiss was converted to a motion for a summary judgment. See Rule 12(b), Ala. R. Civ. P. ("If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. . . .").
On March 4, CAS filed its opposition to Zedot's motion for a summary judgment. On April 18, without a hearing, the trial court denied Zedot's motion and ordered Zedot to answer CAS's complaint within 30 days. On May 18, Zedot filed an answer to CAS's complaint and a counterclaim alleging breach of contract. In its answer, Zedot pleaded arbitration as an affirmative defense and stated that it asserted its counterclaim only to preserve that claim. On June 16, CAS filed its answer to Zedot's counterclaim. On July 20, Zedot filed a motion to compel arbitration. CAS opposed Zedot's motion to compel arbitration by arguing that Zedot had waived its right to arbitrate by participating in the litigation process. The trial court agreed and denied Zedot's motion. Zedot appealed.
 II. Standard of Review
"[T]he standard of review of a trial court's ruling on a motion to compel arbitration at the instance of either party is ade novo determination of whether the trial judge erred on a factual or legal issue to the substantial prejudice of the party seeking review." Ex parte Roberson,749 So.2d 441, 446 (Ala. 1999) (emphasis omitted).
 III. Analysis
"In order to show waiver by litigation-related conduct, the party opposing *Page 399 
arbitration must demonstrate that the movant has substantially invoked the litigation process and thereby the opposing party would be substantially prejudiced if the case were submitted to arbitration. Companion Life Ins. Co. v. Whitesell Mfg.,Inc., 670 So.2d 897, 899 (Ala. 1995). In Moses H. ConeMemorial Hospital [v. Mercury Construction Corp.,460 U.S. 1 (1983)], the United States Supreme Court recognized a strong federal policy favoring arbitration:
 "`The [Federal] Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'
 "460 U.S. at 24-25 (emphasis added; footnote omitted). In order to establish waiver, the party opposing arbitration bears a heavy burden, and waiver is not lightly to be inferred. Thompson v. Skipper Real Estate Co., 729 So.2d 287, 292
(Ala. 1999), and cases cited therein."
Ocwen Loan Servicing, LLC v. Washington, 939 So.2d 6,14 (Ala. 2006). "[A] presumption exists against a finding that a party has waived the right to compel arbitration." ConsecoFin. Corp.-Alabama v. Salter, 846 So.2d 1077, 1080
(Ala. 2002).
Zedot argues that the trial court erred in denying its motion to compel arbitration because, it says, Zedot had not substantially invoked the litigation process and because CAS will not be substantially prejudiced if it is required to arbitrate its claims against Zedot. Zedot points out that it pleaded arbitration as an affirmative defense in its answer to CAS's complaint. Zedot contends that its filing of a motion to dismiss asserting the defense of the statute of limitations, which was treated as a motion for a summary judgment and which was the only pleading Zedot filed before it asserted the affirmative defense of arbitration in its answer, does not constitute a substantial invocation of the litigation process. We agree.
"[T]he mere filing of a pleading does not constitute a waiver of the right to compel arbitration." Salter,846 So.2d at 1081. "`The mere serving of an answer and the making of amotion to dismiss a complaint does not constitute a waiver'" of the right to arbitration. Ex parte MerrillLynch, Pierce, Fenner Smith, Inc., 494 So.2d 1, 3
(Ala. 1986) (emphasis added). See, also, Sharif v. WellnessInt'l Network, Ltd., 376 F.3d 720, 726-27 (7th Cir.2004) ("[I]t is well-established that a party does not waive its right to arbitrate merely by filing a motion to dismiss. SeeCreative Solutions Group, Inc. v. Pentzer Corp.,252 F.3d 28, 33 (1st Cir.2001); Williams v. Cigna Fin.Advisors, Inc., 56 F.3d 656, 661-62 (5th Cir.1995);Rush v. Oppenheimer Co., 779 F.2d 885, 888 (2nd Cir.1985); Lake Communications, Inc. v. ICC Corp.,738 F.2d 1473, 1477 (9th Cir.1984)."). Before moving to compel arbitration, Zedot did nothing more than file a motion to dismiss and an answer to CAS's complaint. That Zedot's motion to dismiss was treated as one for a summary judgment is, in and of itself, not dispositive of the issue whether Zedot substantially invoked the litigation process. The affidavit attached to Zedot's motion was simply intended to show that Zedot was a licensed contractor, which is a prerequisite to the application of the statute of limitations set out in § 6-5-221. The affidavit did not impose on CAS a burden to engage in discovery in order to oppose Zedot's motion.
Further, CAS did not meet its burden of showing that it would be substantially *Page 400 
prejudiced if it is forced to arbitrate its claims. Approximately four months passed between the filing of CAS's complaint and the filing of Zedot's answer, which raised arbitration as an affirmative defense, and approximately six months passed between the filing of CAS's complaint and the filing of Zedot's motion to compel arbitration. During that time, no hearings were held and no discovery took place, other than CAS's service of interrogatories on Zedot, which CAS did only after it was put on notice, by Zedot's answer, of Zedot's intent to seek arbitration. No trial date has been set.
Morrison Restaurants, Inc. v. Homestead Village ofFairhope, Ltd., 710 So.2d 905 (Ala. 1998), cited by CAS, does not require us to hold otherwise. In Morrison, Morrison Restaurants, a food-services provider, sued Homestead Village, a retirement community, alleging that Homestead had breached a food-services contract; the contract contained an arbitration clause. After Homestead answered Morrison's complaint without making mention of arbitration, Morrison filed a motion for a summary judgment, accompanied by a statement of facts, the affidavit of Morrison's credit manager, a copy of the food-services contract, and copies of several invoices Morrison had sent to Homestead. Homestead responded to Morrison's summary-judgment motion with its own statement of facts and affidavits but still failed to raise the issue ofarbitration. Only after the trial court had granted Morrison's motion for a summary judgment as to Homestead's liability did Homestead assert its right to arbitrate. Accordingly, this Court held that Homestead had waived its right to arbitrate:
 "Homestead failed to seek mediation or arbitration either in its answer or in its response to Morrison's motion for summary judgment. In fact, eight months passed from the filing of the complaint before Homestead first asserted its right, in a motion filed on March 24, 1997. Further, and perhaps more important, when Homestead did assert its right to mediation or arbitration under the contract, it was not until after it had suffered an adverse ruling, in the form of the summary judgment as to liability. In light of these facts, we conclude that Homestead's actions indicate it intended to avail itself of the litigation process in lieu of the mediation/arbitration provisions in the contract. In addition, to refer the case to mediation or arbitration at such a late date would prejudice Morrison."
710 So.2d at 907.
In the instant case, Zedot pleaded the affirmative defense of arbitration in its answer to CAS's complaint. And Zedot's motion to dismiss, converted to a motion for a summary judgment, was substantially different than the summary-judgment motion the trial court considered in Morrison. Zedot's motion was based only on the statute of limitations and was accompanied by an affidavit intended only to verify that a prerequisite to the application of the statute of limitations was satisfied. In contrast, the motion for a summary judgment inMorrison, which was considered by the trial court after Homestead failed to assert arbitration in its answer and in its response to that motion, required the court to construe the contract and determine whether the evidence presented a question as to the breach of that contract. Finally, the statement inMorrison that "perhaps more important, when Homestead did assert its right to mediation or arbitration under the contract, it was not until after it had suffered an adverse ruling, in the form of the summary judgment as to liability,"710 So.2d at 907, cannot be read to stand for the proposition that a *Page 401 
party can never assert its right to arbitrate after it has suffered any "adverse ruling." In Morrison, Homestead, the party moving to compel arbitration, had suffered a judgment against it as to liability before it finally raised the issue of arbitration. In the instant case, Zedot had only its motion to dismiss, which had been converted to a motion for a summary judgment, denied. Zedot had not had a judgment entered against it on any aspect of CAS's claim. Further, as noted, the mere filing of a motion to dismiss, which certainly has the potential to result in an adverse ruling, does not constitute a waiver of the right to arbitration.
 IV. Conclusion
As previously noted, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v.Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Accordingly, we hold that the trial court erred in ruling that Zedot had waived its right to arbitration by substantially invoking the litigation process. We therefore reverse the trial court's order denying Zedot's motion to compel arbitration and remand the cause for further proceedings.
REVERSED AND REMANDED.
NABERS, C.J., and SEE, HARWOOD, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
WOODALL, J., concurs in the result.