MURDOCK, Justice
(dissenting).
Bama Exterminating Company, Inc., did not move to compel arbitration for approximately a year and a half after the initial complaint was filed. Furthermore, during this year and one-half, Bama Exterminating sought to engage the trial court in more than one matter — including a motion that would have required the trial court to assess the validity of a contractual provision purportedly limiting Bama Exterminating’s damages to $50,000 and to enter a judgment in its favor applying that provision — and otherwise participated in the litigation filed by Anthony and Jana O’Neal. Specifically, during the course of a year and a half, (1) on three separate occasions Bama Exterminating requested that the O’Neals allow its experts (termite expert, construction and repair expert, and real-estate appraiser) to inspect the O’Neals’ house; (2) on June 1, 2012, Bama Exterminating moved the trial court to compel the O’Neals to permit a fourth inspection of the house by its termite expert; (3) on *412 June 11, 2012, Bama Exterminating filed a discovery request seeking entry onto the O’Neals’ property by its expert; (4) on June 18, 2012, Bama Exterminating moved the trial court for a judgment on the pleadings seeking an order from the trial court capping its damages under the termite-service and repair contract to $50,000;[5] (5) on June 26, 2012, Bama Exterminating attended a hearing on its motion to compel inspection of the O’Neals’ house; (6) on June 12, 2012, Bama Exterminating filed a notice to serve a third-party subpoena directed at the O’Neals’ expert; and (7) on April 9, 2012, Bama Exterminating joined in a motion to continue the ease after it had been set for trial.
The facts of this case are distinguishable from those of Zedot Construction, Inc. v. Red Sullivan’s Conditioned Air Services, Inc., 947 So.2d 396 (Ala.2006), as to which the Court in Zedot itself noted:
“Approximately four months passed between the filing of [Red Sullivan’s Conditioned Air Services, Inc.’s (‘CAS’)] complaint and the filing of Zedot’s answer, which raised arbitration as an affirmative defense, and approximately six months passed between the filing of CAS’s complaint and the filing of Ze-dot’s motion to compel arbitration. During that time, no hearings were held and no discovery took place, other than CAS’s service of interrogatories on Ze-dot, which CAS did only after it was put on notice, by Zedot’s answer, of Zedot’s intent to seek arbitration. No trial date has been set.”
947 So.2d at 400. The temporal and other differences between this case and Zedot are enough to require a different result here. As the main opinion notes, “‘[n]o rigid rule exists for determining what constitutes a waiver of the right to arbitrate; the determination as to whether there has been a waiver must, instead, be based on the particular facts of each case.’” 147 So.3d at 408 (quoting ClimaStor IV, L.L.C. v. Marshall Constr., L.L.C., 4 So.3d 452, 455 (Ala.2008), quoting in turn other cases).[6]
*413 At least in the context of the year-and-a-half delay and the other litigation-related activities that occurred during this year and a half, I find noteworthy the motion filed near the end of this period by Bama Exterminating — whether properly deemed a motion for a judgment on the pleadings or a motion for a summary judgment— seeking from the trial court the entry of a judgment relieving it of any liability in excess of $50,000 on the O’Neals’ claims. This motion specifically asked the trial court to assess the viability and applicability of a purported contractual limitation on damages not only in relation to the O’Neals’ breach-of-contract claim, but also in relation to their tort claims of fraudulent suppression, negligence, and wantonness.
“““Whether a party’s participation in an action amounts to an enforceable waiver of its right to arbitrate depends on whether the participation bespeaks of an intention to abandon the right in favor of the judicial process and, if so, whether the opposing party would be prejudiced by a subsequent order requiring it to submit to arbitration.’ ” ’ ”
ClimaStor IV, L.L.C. v. Marshall Constr., L.L.C. 4 So.3d 452, 456 (Ala.2008)(quoting Paw Paw’s Camper City, Inc. v. Hayman, 973 So.2d 344, 347 (Ala.2007), quoting in turn other cases (emphasis added)). Asking a trial court to enter a binding judgment fully or partially relieving the mov-ant of liability with respect to claims pending in that court is not consistent with the intention to reserve the resolution of those claims for an arbitrator.
Finally, the delay involved here and the expenditure of time, effort, and financial resources by the O’Neals in connection with the above-described matters supply the prejudice necessary for a finding of a waiver of a contractual right to arbitrate.
Based on the foregoing, I respectfully dissent.
PARKER, J., concurs.

. In connection with Bama Exterminating’s motion seeking a judgment in its favor as to any amount in excess of $50,000, I recognize that cases such as Conseco Fin. Corp.-Alabama v. Salter, 846 So.2d 1077, 1081 (Ala.2002), stand for the proposition that “the mere filing of a pleading does not constitute a waiver of the right to compel arbitration.” A motion for judgment on the pleadings, however, is not itself a "pleading.” See Kaller v. Rigdon, 480 So.2d 536, 538 (Ala.1985) ("A motion, defined in Rule 7(b), [Ala. R. Civ. P.], as ‘an application to the court for an order,’ is not a pleading.”); Rule 7, Ala R. Civ. P. (distinguishing between pleadings and motions).

. The facts of this case also can be contrasted with those of cases such as Conseco Finance Corp.-Alabama v. Salter, 846 So.2d 1077 (Ala. 2002), and the case it primarily relied upon, First Family Financial Services, Inc. v. Jackson, 786 So.2d 1121 (Ala.2000). The facts in both cases were described as follows by the Court in Salter:
"The First Family Court [stated]:
" ‘The record in this case shows unequivocally that First Family did not substantially invoke the litigation process before it moved to compel arbitration. The first document First Family filed was its motion to compel arbitration. Like the defendant in [Ex parte] Merrill Lynch[, Pierce, Fenner & Smith, Inc., 494 So.2d 1 (Ala.1986)], First Family did not even answer the complaint. The only other documents in the record that First Family filed are its brief in support of its motion to compel arbitration, evidentiary filings also in support of that motion, and its notice of appeal to this Court. Jackson had the heavy burden of proving both that First Family had substantially invoked the litigation process and that he was prejudiced thereby. He did not meet that burden.'
"786 So.2d at 1128 (citations omitted).
"In this case[, i.e., Salter,] as in First Family, the record reflects that Conseco did not ‘bespeak an intention to abandon *413 the right [of arbitration] in favor of the judicial process.' Id. at 1128. Conseco initiated this action; however, the mere filing of a pleading does not constitute a waiver of the right to compel arbitration. See, e.g., Ex parte Smith, 736 So.2d 604 (Ala.1999). Additionally, as evidenced by the express language of the arbitration provision, the parties specifically agreed that Conseco retained the right to seek judicial relief 'to enforce a security agreement relating to the manufactured home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the manufactured home or to foreclose on the manufactured home,' and that the filing of such an action would not constitute a waiver of Conseco’s right to seek arbitration. The relief requested by Conseco in its complaint falls within the parameters of the judicial relief specifically agreed to by Salter.”
846 So.2d at 1081.
In addition to the differences with the present case discernible from the foregoing descriptions, there is no indication that either Salter or First Family involved a delay approaching one and one-half years in duration between the time of the filing of the applicable claims and the pursuit in earnest of a motion to compel arbitration. In Salter, the delay was only two months.