[Civ. No. 13259.   Second Dist., Div. One.   Nov. 14, 1941.]

D. H. MacQUIDDY, Respondent, v. SUZANNE M. RICE, Individually and as Executrix, etc., Appellant.

W. Stuart Smith for Appellant.

Schauer, Ryon & McMahon and Robert W. McIntyre for Respondent.

DRAPEAU, J. *pro tem.*—The plaintiff constructed a building upon land set apart to the defendant as a probate homestead. Payment for the improvements was not made, and the pending action to enforce a mechanic's lien was instituted in the superior court. The trial court found a lien in favor of the plaintiff and applied it to a portion of the probate homestead, and the judgment appealed from followed.

The judgment is attacked for the following reasons:

(a) A lien may not in any event be impressed upon a probate homestead.

(b) Assuming a lien may be had upon the property involved, the proof of it is not sufficient, because the probate homestead was set apart to the defendant about a month after work on the improvements was commenced. In other words, the defendant contends that when the work of improvement was *commenced* the land upon which the improvement was made did not belong to her, and that, therefore, no lien could be impressed upon the probate homestead. Section 1185, Code of Civil Procedure, is cited in support of this proposition.

(c) If the probate homestead is foreclosed for the benefit of the lienholder, and title to the probate homestead thereby passes out of the defendant, this will *ipso facto* terminate the probate homestead, and thus there will be nothing for the plaintiff in any event.

In a printed transcript on appeal presented to this court, there were included copies of the pleadings, findings, and judgment, and a very brief recital of evidence denominated "bill of exceptions, as settled by stipulation."

This evidence may be completely summarized as follows:

1. That the work of improvement was commenced August 20, 1936, and the last labor was performed October 12, 1936.

2. Evidence as to an appropriate area for the convenient use and occupation of the building constructed on the premises.

3. That the defendant was not executrix of her deceased husband's estate on or about August 20, 1936, having resigned the year before; that she had no interest in her husband's estate on or about said date; that she acquired the property here in question by decree in probate as a probate homestead September 16, 1936.

Unless there is evidence in the short record thus summarized which is contrary to the findings of the court below, the findings are conclusive upon this court. We do not think the mere conclusion of the defendant that on the day of the commencement of work of improvement she had no interest in her husband's estate can overcome the specific finding of the trial court that the plaintiff had a valid lien upon the property. This finding is, of course, supported by the basic rule of law set forth in our Probate Code, section 300, that the defendant, as the widow of the decedent, on the day of the death of her husband, took title to the real property in question either under his will or by operation of law. Moreover, there is no evidence that any other person other than the defendant widow had any interest in the real property involved.

Therefore, we must sustain the finding of the lower court that the defendant being the widow of the decedent did have a sufficient ownership in the property involved to subject it to the lien of the plaintiff.

We have been cited no authority to support the proposition that a mechanic's lien may not be impressed upon a probate homestead in a proper case. The cases cited by counsel for appellant, and his argument that a widow's homestead is favored by our law, do not, in our opinion, support the proposition that a mechanic's lien cannot be enforced as against a probate homestead. It is true that both the mechanic's lien and probate homestead laws of our state are favored by our law; but we think that whenever the owner of a probate homestead contracts for labor and material to be placed upon it, and thereafter fails to pay the contractor or materialman for such improvements, in all good conscience the interest of the owner of the probate homestead should be foreclosed for the benefit of the lienholder.

We are also of the opinion that in such a case the foreclosure of the rights of the owner of the probate homestead in and to it does not extinguish the probate homestead itself. We think we have a case here more nearly analogous to that of the levy of an execution upon the interest of a life tenant in real property, title to which the judgment creditor may enjoy until the death of the life tenant vests it in the remainderman.

Therefore, the judgment is affirmed; the appeal from the order denying a new trial is dismissed.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 13, 1942.