[Civ. No. 19974.   First Dist., Div. One.   Sept. 19, 1961.]

HOMESTEAD SAVINGS AND LOAN ASSOCIATION (a Corporation), Petitioner, v. THE SUPERIOR COURT OF MARIN COUNTY, Respondent; MERLIN A. PETERSEN, Real Party in Interest.

Bronson, Bronson & McKinnon for Petitioner.

No appearance for Respondent.

Matthew M. Fishgold for Real Party in Interest.

THE COURT.—Petitioner seeks a writ of mandate requiring the respondent to vacate its order of May 22, 1961, staying proceedings in *Merlin A. Petersen* v. *Sausalito Savings and Loan Association, a corporation, et al.,* defendants in action No. 33416 of the Superior Court of the State of California in and for the County of Marin. On motion of respondent the proceedings were stayed ''until an arbitration has been had in accordance with the terms of the agreement on file.'' Petitioner Homestead Savings and Loan Association was

formerly named Sausalito Savings and Loan Association, a corporation, and is sued under that name in said action No. 33416. The real party in interest is Merlin A. Petersen, a contractor, who contracted with petitioner to furnish labor and materials for certain alterations and repairs to a building owned by petitioner in Sausalito, California. Said contract was dated August 15, 1960. It contained provisions for arbitration of any "disagreement arising out of this contract or from the breach thereof . . ."

There is a dispute as to the performance of the contract. In his lien claim, which was filed for record November 23, 1960, Petersen alleges "that said contract has been fully performed on the part of claimant until his performance was prevented by the agents of the owner of said building to wit: on or about the 27th day of October, 1960." Petersen claimed a lien for $18,999.78. Thereafter, and on December 6, 1960, Petersen filed an action against petitioner. Petersen's complaint starts out with the usual allegations of a complaint to foreclose a mechanic's lien, but in the last two paragraphs he alleges that his contract with petitioner provided for arbitration; that in the event of a dispute " '. . . either party may forward to the other a written demand for arbitration, and in such demand such party shall name one arbitrator. The other party shall select one arbitrator, and the two so selected shall name a third.' " The complaint then "requests that this dispute be arbitrated; that the present proceeding be stayed pending completion of arbitration . . ." and named Martin J. Jarvis as an arbitrator. His prayer is to the same effect, and adds that he be awarded the sum of $18,999.78, together with interest as provided by law, and his costs; that he be granted judgment on said sum; that said sum be adjudged a lien on the premises hereinbefore described. To this complaint petitioner filed an answer and cross-complaint. In the answer petitioner alleged "that the dispute involved herein is not arbitrable under the terms of the foregoing written contract, and therefore the plaintiff has no right to have the present proceedings stayed pending arbitration of this dispute." The answer also alleges that Martin J. Jarvis is not qualified to act as an arbitrator because he has been the attorney for plaintiff.

The real party in interest filed an answer to the cross-complaint which included the following: "Further answering said cross-complaint plaintiff alleges that the subject matter

of said cross-complaint is a matter of arbitration between the parties; that this action should be stayed during the pendency of arbitration and that arbitration be ordered.'' Thereafter, the real party in interest filed his notice of motion for order staying action pending arbitration, which was granted by the trial court on May 22, 1961.

Petitioner's grounds for a writ of mandate requiring the trial court to vacate its order staying the action pending arbitration are not those stated in his answer, but that Petersen ''repudiated the arbitration provision of the agreement by recording a Lien Claim November 23, 1960,'' and also ''by filing his complaint to foreclose a mechanics lien on December 6, 1960. . . .''

In support of its contention that filing the claim of lien constituted a waiver of arbitration, petitioner, being unable to find any California case in point, relies on *Young* v. *Crescent Development Co.*, 240 N.Y. 244 [148 N.E. 510, 511], which held ''that the respondents by filing mechanics' liens set out on a course so inconsistent with arbitration that they must be regarded as having decisively elected to waive and abandon their right to that course.'' But the New York Mechanics' Lien Law was amended after the *Young* case was decided, to provide that the filing of a notice of lien should not constitute a waiver of the right to arbitration. It would, therefore, appear that the New York Legislature did not believe that the filing of a mechanic's lien was inconsistent with arbitration.

██ In the recent case of *Grunwald-Marx, Inc.* v. *Los Angeles Joint Board*, 192 Cal.App.2d 268, 276-277 [13 Cal. Rptr. 446], the court states: ''*Myers* v. *Richfield Oil Corp.*, 98 Cal.App.2d 667 [220 P.2d 973], says (p. 671) : 'It has long been the policy in California to recognize and give the utmost effect to arbitration agreements. As stated in *Utah Construction Co.* v. *Western Pacific Ry. Co.*, 174 Cal. 156, 159 [162 P. 631] : ''The policy of the law in recognizing arbitration agreements and in providing by statute for their enforcement is to encourage persons who wish to avoid delays incident to a civil action to obtain an adjustment of their differences by a tribunal of their own choosing . . . Therefore every reasonable intendment will be indulged to give effect to such proceedings.'' . . .' '' ██ The policy of the law also favors mechanics' liens. (*Hendrickson* v. *Bertelson*, 1 Cal.2d 430, 432 [35 P.2d 318]; *MacQuiddy* v. *Rice*, 47 Cal.App.2d 755,

757 [118 P.2d 853].) ▮ The time in which to file for record a mechanic's lien is relatively short. It requires no action by the opposing party. It does preserve the status quo of the property. ▮ Under section 1200 of the Code of Civil Procedure the real party in interest had a right to file a separate action to obtain a personal judgment against the person personally liable for such debt, notwithstanding his lien. ▮ In view of these circumstances, the filing of a claim of lien is not inconsistent with, or a repudiation of, arbitration of the personal liability under the contract, and is not a waiver of it.

▮ Petitioner states that the arbitration provision of the contract was also repudiated by the filing of the complaint to foreclose a mechanic's lien. But the first thing Petersen prays for in his complaint is "that this dispute be arbitrated . . . ." In the body of the complaint plaintiff "requests . . . that the present proceeding be stayed pending completion of arbitration and that the award of the arbitrators be reported to this Court. . . ." Petersen's complaint is not just a complaint to foreclose a mechanics' lien; it is also a complaint requesting arbitration before anything else is done. A request that the dispute "be arbitrated; that the present proceeding be stayed pending completion of arbitration . . . ," can hardly be said to be a repudiation of the arbitration agreement. It is in fact the direct opposite. When it answered, the petitioner did not consider that Petersen had repudiated the arbitration agreement. At that time it denied that the dispute was arbitrable and denied the qualification of the named arbitrator. ▮ Waiver is usually a question of fact.

▮ In *Grunwald-Marx, Inc.* v. *Los Angeles Joint Board, supra,* at page 298, it is stated: "A party to an arbitration agreement may waive his right to arbitrate. [Citation.]
▮ One party to an arbitration agreement may, by dilatory tactics or express refusal to proceed, place himself in such a position that the other party may accede to the implied desire of the former, acquiesce in the abandonment of arbitration and resort to court action. [Citation.] Whether there has been a waiver is usually a question for the trier of fact. [Citations.]" The trial court's implied finding that the arbitration agreement has not been waived or repudiated is amply supported by the evidence and the proceedings in said action No. 33416 were properly stayed.

*The Belize,* (S.D. N.Y.) 25 F.Supp. 663, is not inconsistent. It holds, in accord with general contract principles, that where the parties to a charter party containing an arbitration clause join issue in a suit in admiralty on the charter party, their conduct amounts to a waiver or recission of the contractual right to insist on arbitration. In the instant case the conduct of the parties is consistent with retention of the remedy of arbitration.

It is also contended that arbitration is not a proper means for the enforcement of a lien. That is not, however, what Petersen seeks herein. The complaint seeks to have the dispute under the contract arbitrated. The award would then be reported to the court for enforcement, and the court would determine the type of enforcement.

The alternative writ is discharged and the petition is denied.

BRAY, P. J., and TOBRINER, J.—This opinion was written prior to his death by Honorable Ralph E. Hoyt, duly assigned to sit pro tempore with this court. We adopt it as the opinion of the court.

Petitioner's application for a hearing by the Supreme Court was denied November 15, 1961.