The underlying issue in this case is whether the plaintiff, a nurse at a regional medical center, can be compelled to arbitrate her claim against the medical center alleging wrongful discharge, but the specific issue we now address is whether the plaintiff is entitled to limited discovery on "any and all matters that touch and concern the issue of arbitration."
The plaintiff, Caroline Edwards Potts sued Walker Regional Medical Center and Baptist Health System, Inc. ("BHS"), alleging that the defendants breached a contract of employment with her, wrongfully terminated her, defamed her character, violated her right to privacy, and intentionally inflicted emotional distress on her. The defendants responded by filing a motion to stay Potts's action and to compel her to submit to arbitration any and all claims *Page 743 
that she might have against Walker Regional and BHS.
Potts responded to the motion by filing a "Motion to Strike and Motion to Continue Defendants' Motion to Compel Arbitration Pending Discovery." In her motion, she alleged that Walker Regional and BHS could not show (1) that the "transaction at issue here `substantially affects' interstate commerce"; and (2) that a motion to compel arbitration should be treated as a motion for a summary judgment, and, because arbitration contracts are subject to the same defenses as other contracts, that the motion to compel arbitration should be continued in order to permit her to conduct discovery regarding "any and all matters that touch and concern the issue of arbitration." In support of her motion to continue the motion of Walker Regional and BHS to compel arbitration, Potts filed an affidavit by one of her attorneys. That affidavit stated that discovery would be needed regarding
 "[i]nformation which goes to the proof of contract defenses under the law of Alabama which include, but may not be limited to, the following: Unconscionability, adequacy of consideration, mistakes of law or of fact, fraud as it relates to the arbitration provision, the object and legality of the contract, the capacity of the parties, and whether there was a meeting of the minds sufficient to create a valid, binding, and enforceable contract."
The trial court granted Potts's motion, permitting her to engage in discovery on all contract defenses available under Alabama law. Because the defendants believed that they were entitled to arbitration and that Potts was not entitled to discovery before they could compel her to submit to arbitration, they filed a notice of appeal (case no. 1000661) and they also filed a petition for a writ of mandamus (case no. 1000646). Potts filed a motion to dismiss the appeal, claiming that the discovery order of the trial court was not an appealable order.
 I.
Because Walker Regional and BHS filed both a petition for a writ of mandamus and an appeal, we first address the procedural posture of this case. It is apparent from the record in this case that the defendants filed both a notice of appeal and a petition for a writ of mandamus "[b]ecause of the novelty of the issues contained in this case," and because they took "the position that the order permitting the plaintiff to engage in such discovery, failing to give effect to the agreement, [was] tantamount to a denial of the motion to compel arbitration, for which an appeal would lie." (Walker Regional's petition, page 1.) They took the dual approach because they contended that if appeal was not the correct vehicle for review, then a writ of mandamus would be the appropriate remedy.
On February 12, 2001, this Court denied the petition for writ of mandamus. It is now apparent that this Court misinterpreted the effect of the trial court's order because a majority of the Court was of the opinion that the appeal filed by the defendants was the proper vehicle for review of the trial court's order. After further review of the trial court's order and of the issues presented, however, this Court now recognizes that it should have reviewed the order issued by the trial court by petition for a writ of mandamus; therefore, we ex mero motu reinstate the petition for a writ of mandamus (case no. 1000646), and dismiss the appeal (case no. 1000661).
 II.
When this petition for a writ of mandamus was filed, such a petition was *Page 744 
the appropriate procedure by which to review an order of a trial court like the one issued in this case. See Ex parte Greenstreet, Inc.,806 So.2d 1203 (Ala. 2001), in which this Court reviewed an order of the trial court that had continued a creditor's motion to compel arbitration in order to allow the debtor to conduct discovery. See, also, Ex parteEarly, 806 So.2d 1198 (Ala. 2001), in which the trial court compelled arbitration and this Court granted a petition for a writ of mandamus, holding that a purchaser's affidavit supplied the minimum predicate necessary for further discovery on the defense of economic duress relating to the validity of the arbitration agreement at issue in that case. See, also, Ex parte Kenworth of Birmingham, Inc., 789 So.2d 227
(Ala. 2000); and Ex parte Jim Burke Auto., Inc., 776 So.2d 118 (Ala. 2000).[1]
 III.
We now review the correctness of the trial court's order on the discovery issue. In Ex parte Greenstreet, Inc., supra, this Court discussed the same issue involved in this case — the burdens of proof that each party must meet when one party has moved to compel arbitration and the other party seeks discovery to assist it in opposing the motion. In Ex parte Greenstreet, this Court said:
 "We hold that once a moving party has satisfied its burden of production by making a prima facie showing that an agreement to arbitrate exists in a contract relating to a transaction substantially affecting interstate commerce, the burden of persuasion shifts to the party opposing arbitration. If that party presents no evidence in opposition to a properly supported motion to compel arbitration, then the trial court should grant the motion to compel arbitration.
 "Additionally, if the party opposing a properly supported motion to compel arbitration desires discovery, that party must present a factually based predicate before a right to conduct discovery regarding matters that could invalidate the agreement to arbitrate arises. At a minimum, a party opposing a properly supported motion to compel arbitration and seeking discovery on issues that could invalidate the arbitration agreement must provide an affidavit describing the circumstances that are within its knowledge and that are relevant to its claimed defenses to arbitration. Where information beyond the knowledge of the opposing party is essential to the resolution of the issue and discovery regarding that information is necessary, the trial court and the parties should *Page 745 
 turn to Rule 56(f), to the extent practicable, as it deals with the circumstances appropriate for continuing a hearing on a motion for summary judgment. An accumulated body of precedent exists under Rule 56(f) that should guide the trial court in disposing of the issue of the necessity for discovery on matters that might provide a basis for defending against a motion to compel arbitration.
". . . .
 "In this case, unlike in First Family Financial Services, Inc. v. Jackson, 786 So.2d 1121 (Ala. 2000), the trial court has not ruled on the motion to compel arbitration. Neither Hyde [the plaintiff] nor the trial court had the benefit of our holding in First Family Financial Services when the trial court ordered limited discovery. Under these circumstances, we find it inappropriate to issue a writ directing the trial court to compel arbitration. Thus, we deny Greenstreet's request for a writ of mandamus directing the trial court to grant Greenstreet's motion to compel arbitration. However, we direct the trial court to immediately set for a hearing Greenstreet's motion to compel arbitration. If that motion is properly supported and if Hyde does not formally oppose that motion, then the circuit court is directed to grant it.
 "We also find it inappropriate to allow the trial court's order, allowing Hyde to conduct limited discovery into the validity and enforceability of the arbitration provision, to stand. Hyde offered nothing in opposition to Greenstreet's motion to compel arbitration, and the trial court did not require any degree of factual specificity from Hyde in support of her request for discovery. Under the factually-based-predicate standard established herein, it would be a clear abuse of the trial court's discretion to allow Hyde to conduct discovery without a factual showing as to why that discovery was justified."
806 So.2d at 1209 -10 (footnotes and some citations omitted).
As we did in Greenstreet, we direct the trial court to vacate its order allowing discovery in Potts's action. However, also as we did inGreenstreet, because neither the parties nor the trial court "had the benefit of this Court's detailed analysis regarding the factually-based-predicate standard at the time the discovery order was issued," 806 So.2d at 1210, we allow Potts an opportunity to meet the factually-based-predicate standard in order to establish her right to the discovery she seeks.
Based on the foregoing, we grant the petition in part, and deny it in part (case no. 1000646). We dismiss the appeal in case no. 1000661.
This opinion was prepared by retired Justice Hugh Maddox, sitting as a Justice of this Court pursuant to § 12-18-10(e) Ala. Code 1975.
1000646 — PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
Houston, Lyons, Brown, Johnstone, Harwood, Woodall, and
Stuart, JJ., concur.
Moore, C.J., dissents.
See, J., recuses himself.
1000661 — APPEAL DISMISSED.
Houston, Lyons, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
Moore, C.J., dissents.
See, J., recuses himself.
[1] Although the Alabama Rules of Appellate Procedure have been amended to provide for the review of orders granting or denying motions to compel arbitration by appeal, that amendment would not affect orders such as the one entered in this case. See Rule 4(d), Ala.R.App.P., adopted May 10, 2001, to be effective October 1, 2001, which reads as follows:
 "(d) Appeals from Orders Granting or Denying Arbitration. An order granting or denying a motion to compel arbitration is appealable as a matter of right, and any appeal from such an order must be taken within 42 days (6 weeks) of the date of the entry of the order, or within the time allowed by an extension pursuant to Rule 77(d), Alabama Rules of Civil Procedure."
The provisions of Rule 4(d) would not encompass the order entered by the trial judge in this case, even if the adoption of that rule were effective at the time the order in this case was entered, because the trial court had not ruled on the motion to compel arbitration. If a party desires appellate review of a trial court's order continuing a motion to compel arbitration in order to permit discovery, whether the order was entered before or after the effective date of Rule 4(d), a petition for a writ of mandamus would be the appropriate vehicle in such a case. *Page 746