STUART, Justice.
Cooke, Cameron, Travis and Company, P.C. (“CCT”), sued Directory Assistants, Inc., a Connecticut corporation, in the Jefferson Circuit Court seeking a judgment declaring void a contract between CCT and Directory Assistants because, CCT alleged, Directory Assistants was not qualified to do business in Alabama at the time the contract was executed. Directory Assistants filed a limited appearance in the trial court for the sole purpose of moving the trial court to dismiss the action based on a provision in the disputed contract providing that disputes between it and CCT would be resolved through arbitration. After the trial court denied Directory Assistants’ motion to dismiss and ordered it to file an answer to CCT’s complaint, Directory Assistants appealed to this Court.
On November 21, 2008, this Court issued a show cause order, stating:
“A copy of the record on appeal having been submitted and considered by this Court, and it appearing that the appeal may be from an order that is not appeal-able, the appellant is directed to provide this Court, in writing, within 10 days, its reasons why this appeal should not be dismissed. [Directory Assistants] is specifically directed to address whether. the trial court’s order dated April 3, 2008 (record at page 60), incorrectly showing Erik L. Kuselias as the defendant, is a denial of its motion to compel arbitration and is an appealable order pursuant to Rule 4(d), Alabama Rules of Appellate Procedure. The appellee, Cooke, Cameron, Travis and Company, P.C., may file a response within seven days after the filing of [Directory Assistants’] arguments.”
Consistent with this order, Directory Assistants filed an answer on December 1, 2008, and CCT filed its response on December 8, 2009. On December 17, 2008, this Court transferred the appeal to the Court of Civil Appeals.[1]
*1174 On March 25, 2009, the Court of Civil Appeals dismissed Directory Assistants’ appeal with an order, Directory Assistants, Inc. v. Cooke, Cameron, Travis & Co., P.C. (No. 2080256, March 25, 2009), 46 So.3d 29 (Ala.Civ.App.2009) (table), stating:
“It appearing to the court that the appeal is taken from an order of the trial court denying a motion to dismiss, rather than an order granting or denying a motion to compel arbitration, and that the order is, therefore, an interlocutory order rather than a final judgment or order that will support appellate review under Ala.Code 1975, § 12-22-2, or Rule 4(d), Ala. R.App. P., see Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549 (Ala.2003), and Ex parte Walker Regional Med. Ctr., Inc., 825 So.2d 741, 744 n. 1 (Ala.2001) (holding that Rule 4(d), Ala. R.App. P., ‘would not encompass’ an order deferring a ruling on a motion to compel arbitration until after discovery could take place);
“It is therefore ORDERED that the appeal be dismissed.”
Pursuant to Rule 39(a)(1)(D), Ala. R.App. P., Directory Assistants then petitioned this Court for a writ of certiorari, arguing that the order of the Court of Civil Appeals dismissing its appeal was in conflict with previous decisions of this Court. On June 9, 2009, we granted Directory Assistants’ petition. We now reverse and remand.
Directory Assistants argues that the trial court’s denial of its motion to dismiss is tantamount to a denial of a motion to compel arbitration because, it says, the ground for the motion, which the trial court clearly understood, was that the issues raised in CCT’s complaint were subject to mandatory arbitration pursuant to the unambiguous terms of the contract between the parties.[2] Because Rule 4(d), Ala. R.App. P., specifically provides that an order denying a motion to compel arbitration is appealable as a matter of right, Directory Assistants argues that the Court of Civil Appeals erred by dismissing its appeal. We agree.
On the first page of the motion to dismiss Directory Assistants filed with the trial court, Directory Assistants stated that the purpose of the motion was to prevent the litigation of the issues raised by CCT “because they are subject to mandatory arbitration.” Moreover, the heading of Directory Assistants’ first argument in that motion was “CCT’s claims, if viable at all, are subject to arbitration and therefore must be dismissed by this court.” Directory Assistants then argued that “the ‘arising out of or relating to’ language of the [Directory Assistants]/CCT contract is broad enough to encompass and require arbitration of CCT’s claims brought in this lawsuit....” Directory Assistants concluded its motion by stating that “[CCT’s] claims as brought herein, if viable, are subject to arbitration.”
The purpose of Directory Assistants’ motion was not lost on the trial court; its order denying that motion acknowledged that “[CCT] contends (1) [Directory Assistants’] claims are subject to arbitration. ...” Accordingly, the trial court’s order denying Directory Assistants’ motion to dismiss CCT’s case was a rejection of Directory Assistants’ argument that CCT’s *1175 claims were subject to mandatory arbitration. Importantly, the trial court’s order did not merely defer a decision on whether arbitration was appropriate; rather, it effectively denied Directory Assistants its right to arbitration and ordered it to file an answer and to litigate the case. Thus, the circumstances in this case are different from those in Ex parte Walker Regional Medical Center, Inc., 825 So.2d 741, 744 n. 1 (Ala.2001), in which this Court stated:
“The provisions of Rule 4(d)[, Ala. R.App. P.,] would not encompass the order entered by the trial judge in this case ... because the trial court had not ruled on the motion to compel arbitra1 tion. If a party desires appellate review of a trial court’s order continuing a motion to compel arbitration in order to permit discovery, whether the order was entered before or after the effective date of Rule 4(d), a petition for a writ or mandamus would be the appropriate vehicle in such a case.”
Accordingly, because the trial court’s order denying Directory Assistants’ motion to dismiss was effectively a denial of a motion to compel arbitration and because such an order is appealable as a matter of right pursuant to Rule 4(d), Ala. R.App. P., the Court of Civil Appeals erred by dismissing the appeal filed by Directory Assistants. Therefore, its judgment is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and LYONS, WOODALL, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.

. Pursuant to § 12-2-7(6), Ala.Code 1975, this Court may transfer to the Court of Civil Appeals certain civil cases for determination by that court.

. In fact, Directory Assistants asserts that the issues raised by CCT in its complaint have already been the subject of an arbitration proceeding that was conducted in Connecticut. Directory Assistants asserts that CCT participated in that arbitration; CCT denies participation and states that its involvement in that arbitration consisted of only one letter it wrote to the altemative-dispute-resolution agency. Ultimately, that arbitration produced a judgment in favor of Directory Assistants and against CCT in the amount of $33,421.32.