BOLIN, Justice.
Anthony O’Neal and his wife, Jana O’Neal, appeal from an order of the Tuscaloosa Circuit Court granting a motion to compel arbitration filed by Bama Exterminating Company, Inc. We affirm.

Facts and Procedural History

On September 30, 2010, the O’Neals closed on the purchase of a house from Michael and Eloise Wilson. As part of the lending requirements related to the purchase of the property, Bama Exterminating prepared an “Official Alabama Wood Inspection Report” (“the termite-inspection report”). Following an inspection of the house, Bama Exterminating, on September 21, 2010, issued the termite-inspection report indicating that no current or active termite infestation had been detected. However, the termite-inspection report did note that the carport area of the house had been treated for a termite infestation by Bama Exterminating in January 2007. The termite-inspection report contained the following arbitration provision:
“Any dispute arising out of or relating to this WDO-WDI Inspection shall be resolved exclusively by arbitration administered by the American Arbitration Association in accordance with its commercial arbitration rules and pursuant to the Federal Arbitration Act. The award of the arbitrator shall be final and binding and may be entered in any court having jurisdiction.”
Anthony O’Neal’s signature appears immediately below the arbitration provision. Additionally, the O’Neals, on September 30, 2010, entered into a termite-service and repair contract as part of the transfer to them of the original termite bond on the house held by the Wilsons (“the service contract”). The service contract contained an arbitration provision, which states:
“BINDING ARBITRATION. The parties agree that this Contract substantially affects interstate commerce. In the event of a dispute between the Bama [Exterminating] and/or its employees and Customer arising out of or relating to this Contract, or to the identified *405 property in any way, whether by virtue of contract, tort, or otherwise, including but not limited to the interpretation of the terms and conditions of this Contract, the making of the Contract, or breach of any provision of this Contract, the parties hereby expressly agree to submit their dispute to binding arbitration for resolution. The parties agree to choose a single arbitrator to examine and render a decision on any dispute. The single arbitrator shall be mutually chosen by the parties. The parties acknowledge and understand that by agreeing to submit their dispute to binding arbitration they are effectively waiving their right to trial by jury as a means of resolving disputes. Furthermore, the parties acknowledge that they desire to arbitrate any dispute arising from this agreement in an effort to resolve such dispute(s) quickly and avoid the costs of litigation. Judgment upon such arbitration award may be entered in any court having jurisdiction. Each party shall be responsible for paying any attorney fees, expert witness fees and other expenses it incurs on its behalf in connection with the arbitration, plus one-half the arbitrator’s fee and one-half of any expenses incurred by the arbitrator, and the award shall assess the arbitrator’s fee and expenses accordingly.”
The O’Neals took possession of the house on October 2, 2010. Approximately two weeks after taking possession of the house, the O’Neals allege that they began to see “bugs” crawling on the walls. According to the O’Neals, they contacted Bama Exterminating, which performed another inspection of the house and confirmed the existence of a termite infestation. The O’Neals allege that an independent inspection of the house by another pest-control company ultimately revealed a termite infestation in nine areas of the house.
On February 22, 2011, the O’Neals sued Bama Exterminating and the Wilsons alleging negligence, wantonness, and breach of contract. The O’Neals attached to their complaint copies of the termite-inspection report and the service contract containing the arbitration provisions. On March 7 and 8, 2011, the O’Neals issued a notice of deposition for the Wilsons.
On March 28, 2011, Bama Exterminating answered the O’Neals’ complaint and asserted as an affirmative defense, among[1] other things, that the “matter and issues referred to herein are subject to binding arbitration.” On March 30, 2011, counsel for the O’Neals sent an electronic mail (“e~ mail”) to the counsel for Bama Exterminating, stating:
“As per our phone conversation, I will not agree to waive the jury demand in lieu of your intent to file a motion compelling arbitration. However, after I depose the Wilsons I will consider your request. Furthermore, if you wish to attend the depositions of the Wilsons on the 18th, I will agree that your attendance will not be used as evidence of ‘participation in the litigation process’ for responding to any motion to compel you may file.”
Counsel for Bama Exterminating responded on March 31, 2011, stating:
“I have spoken to my clients and we are comfortable with you issuing a letter indicating our participation in the depositions of the Wilsons will not be considered a waiver of our right to file a Motion to Compel Arbitration.”
On May 6, 2011, counsel for Bama Exterminating sent an e-mail to counsel for the O’Neals regarding scheduling an inspection of the house. Counsel for the O’Neals responded that same day, stating: “I will have to confirm, however, I don’t expect that -there is a problem_ My *406 client is a fireman, though, and I will need to see what his hours are looking like right now....” On May 10, 2011, counsel for Bama Exterminating e-mailed counsel for the O’Neals to confirm the house inspection for May 12, 2011.
On May 18, 2011, counsel for Bama Exterminating requested a “follow-up” inspection of the house “for purposes of appraising damage and costs to repair.” This follow-up inspection took place on June 6, 2011.
On June 20, 2011, Bama Exterminating requested from the O’Neals an estimated cost of relocating them to a suitable residence during the course of the termite treatment. On July 6, 2011, Bama Exterminating notified the O’Neals that it wanted to have the house appraised. Bama Exterminating also sought from the O’Neals a settlement demand and suggested the possibility of mediation. On July 29, Bama Exterminating notified the O’Neals that it had retained a real-estate appraiser to appraise the house and sought from the O’Neals potential dates on which the appraisal could take place. The appraisal was performed on August 5, 2011. From August 22, 2011, through November 22, 2011, the parties continued to discuss the possibility of settlement and/or mediation.
On January 26, 2012, counsel for the O’Neals notified Bama Exterminating that they had discovered evidence of a new termite “dirt trail” in an area of the house not previously determined to have a termite infestation.
On April 4, 2012, the trial court set the case for trial on June 5, 2012. On April 9, 2012, the parties jointly moved the trial court to continue the case, stating that the parties had agreed to mediation and that little discovery had taken place. The parties expressly stated that “[n]o party [would] be unfairly prejudiced” by a continuance to allow for mediation and to conduct discovery. On April 10, 2012, the trial court entered an order continuing the case until October 2012.
On April 23, 2012, counsel for Bama Exterminating requested permission from the O’Neals to perform an additional inspection of the house in order to confirm their January allegations of a new active termite infestation in light of the fact that Bama Exterminating’s own expert did not find an active termite infestation in the house. The O’Neals refused to give Bama Exterminating permission to conduct an additional inspection for termites. On May 1, 2012, Bama Exterminating again requested permission from the O’Neals to allow an additional termite inspection. On May 18, 2012, the O’Neals amended their complaint to assert a claim of fraudulent suppression against both the Wilsons and Bama Exterminating. On that same date, the O’Neals denied Bama Exterminating’s second request for permission to conduct an additional termite inspection of the house.
On June 1, 2012, Bama Exterminating moved the trial court for an order compelling the O’Neals to provide access to and to permit it to perform a follow-up termite inspection of the house. On June 4, 2012, the O’Neals responded to the motion to compel inspection of their house, arguing that the motion to compel was untimely and without proper foundation because Bama Exterminating had failed to file a proper discovery request pursuant to Rule 34, Ala. R. Civ. P.
On June 6, 2012, the parties mediated the case, and mediation proved unsuccessful. On that same date, the O’Neals served Bama Exterminating with interrogatories and requests for production. On June 8, 2012, Bama Exterminating answered the amended complaint, again stat *407 ing as an affirmative defense that all issues asserted in the amended complaint were subject to binding arbitration.
On June 11, 2012, Bama Exterminating served a request to inspect the O’Neals’ house pursuant to Rule 34, Ala. R. Civ. P. The O’Neals responded that same day, agreeing to the inspection by Bama Exterminating. On June 12, 2012, Bama Exterminating filed a notice of intent to serve subpoenas on the O’Neals’ expert, Warrior Pest Control, for the production of documents after the O’Neals had alleged the presence of an active termite infestation in the house.
On June 18, 2012, Bama Exterminating moved the trial court “for a judgment on the pleadings to limit damages” to $50,000, which is the amount it claimed it was obligated to pay under the service contract. On July 10, 2012, the O’Neals notified Bama Exterminating that it had yet to comply with their discovery requests. The O’Neals requested that Bama exterminating comply with those requests within five days. On July 16, 2012, Bama Exterminating informed the O’Neals that it was in the process of responding to the discovery requests. Bama Exterminating also informed the O’Neals that its response to the discovery requests “should not be interpreted by you ... to mean Bama exterminating intends to waive its right to compel arbitration in this case.”[1] On that same date, the O’Neals objected to Bama Exterminating’s filing any motion to compel arbitration based on Bama Exterminating’s participation in the litigation process. On July 18, 2012, the O’Neals moved the trial court for a clarification that it would treat Bama Exterminating’s motion for a judgment on the pleadings as a motion for a summary judgment. On July 20, 2012, Bama Exterminating responded to the O’Neals’ motion for clarification, arguing that the motion for a judgment on the pleadings should not be treated as a motion for a summary judgment because it did not require the trial court to consider matters outside the pleadings.
On August 7, 2012, Bama Exterminating moved the trial court to compel arbitration and to stay the proceedings until after the arbitration process was completed. On September 18, 2012, the O’Neals filed a response in opposition to the motion to compel arbitration and to stay the proceedings, arguing, among other things, that Bama Exterminating had waived its right to compel arbitration by substantially participating in the litigation process, thereby substantially prejudicing the O’Neals if the case proceeds to arbitration. On September 24, 2012, the trial court entered an order granting the motion to compel arbitration and to stay the proceedings. The O’Neals appeal.

Standard of Review

“No ore tenus testimony was presented to the trial court; therefore, ‘ “the trial court is in no better — or different — position than this Court to decide the legal significance of a party’s conduct,”’ Hales v. ProEquities, Inc., 885 So.2d 100, 105 (Ala.2003) (quoting Karl Storz Endoscopy-America, Inc. v. Integrated Med. Sys., Inc., 808 So.2d 999, 1008 (Ala.2001)), and we review de novo the trial court’s determination that a party has waived its right to arbitration.”
ClimaStor IV, L.L.C. v. Marshall Constr., L.L.C., 4 So.3d 452, 455 (Ala.2008). Rule 4(d), Ala. R.App. P., authorizes an appeal of an order either granting or denying a motion to compel arbitration. Hales v. ProEquities, Inc., 885 So.2d 100, 104 (Ala.2003). Accordingly, this appeal is properly *408 before this Court despite a final disposition not having been made as to the claims asserted against the Wilsons. See Ex parte Directory Assistants, Inc., 49 So.3d 1172 (Ala.2009).

Discussion

The O’Neals argue on appeal that Bama Exterminating has waived its right to compel arbitration by substantially invoking the litigation process. The O’Neals further argue that they would be substantially prejudiced if their claims were submitted to arbitration at this point.[2]
This Court has stated:
“ ‘Our review of the issue whether a party has waived its right to arbitration by substantially invoking the litigation process is governed by the standard enunciated in Companion Life Insurance Co. v. Whitesell Manufacturing, Inc., 670 So.2d 897, 899 (Ala.1995):
“ ‘ “It is well settled under Alabama law that a party may waive its right to arbitrate a dispute if it substantially invokes the litigation process and thereby substantially prejudices the party opposing arbitration. Whether a party’s participation in an action amounts to an enforceable waiver of its right to arbitrate depends on whether the participation bespeaks of an intention to abandon the right in favor of the judicial process and, if so, whether the opposing party would be prejudiced by a subsequent order requiring it to submit to arbitration. No rigid rule exists for determining what constitutes a waiver of the right to arbitrate; the determination as to whether there has been a waiver must, instead, be based on the particular facts of each case.”
“ ‘Both substantial invocation of the litigation process and prejudice must be present to establish waiver. Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 So.2d 1 (Ala.1986). Because of the strong federal policy applicable to arbitration proceedings set forth in the Federal Arbitration Act, 9 U.S.C. § 1 et seq., one seeking to establish a waiver of arbitration bears a heavy burden. SouthTrust Bank v. Bowen, 959 So.2d 624 (Ala.2006); Mutual Assurance, Inc. v. Wilson, 716 So.2d 1160 (Ala.1998).’”
ClimaStor IV, 4 So.3d at 456 (quoting Paw Paw’s Camper City, Inc. v. Hayman, 973 So.2d 344, 347 (Ala.2007)). “ ‘[A] presumption exists against a finding that a party has waived the right to compel arbitration.’ ” Zedot Constr., Inc. v. Red Sullivan’s Conditioned Air Servs., Inc., 947 So.2d 396, 399 (Ala.2006) (quoting Conseco Fin. Corp.-Alabama v. Salter, 846 So.2d 1077,1080 (Ala.2002)).
The O’Neals point to the following as indicative of Bama Exterminating’s substantial invocation of the litigation process: (1) on three separate occasions Bama Exterminating requested that the O’Neals allow its experts (termite expert, construction and repair expert, and real-estate appraiser) to inspect the house; (2) on June 1, 2012, Bama Exterminating moved the trial court to compel the O’Neals to permit a fourth inspection by its termite expert; (3) on June 11, 2012, Bama Exterminating filed a discovery request seeking entry onto the O’Neals’ property by its expert; (4) on June 18, 2012, Bama Exterminating moved the trial court for a judgment on the pleadings seeking an order from the trial court capping its damages under the service con *409 tract to $50,000; (5) on June 26, 2012, Bama Exterminating attended a hearing on its motion to compel inspection of the house; (6) on June 12, 2012, Bama Exterminating filed a notice to serve third-party subpoenas directed at the O’Neals’ expert; and (7) on April 9, 2012, Bama Exterminating joined the other parties in filing a motion to continue the case after .it had been set for trial.
This Court has stated that “[m]erely answering on the merits, asserting a counterclaim (or cross-claim) or participating in discovery, without more, will not constitute a waiver” of the right to arbitration. Voyager Life Ins. Co. v. Hughes, 841 So.2d 1216, 1219 (Ala.2001) (internal quotation marks omitted). Additionally, we have also noted that “the earliest point at which waiver of the right to arbitration may be found is ‘when the other party files an answer on the merits.’” Hughes, 841 So.2d at 1219-20 (some internal quotation marks omitted).
Initially, we note that Bama Exterminating raised arbitration as an affirmative defense in its first responsive pleading and again in its answer to the O’Neals amended complaint. Bama Exterminating never served the O’Neals with any interrogatories or requests for production of documents, nor did it notice any depositions. Bama Exterminating did not respond to the O’Neals’ discovery requests and, although it did attend the depositions of the Wilsons, which were noticed by the O’Neals, it did so only after the O’Neals agreed that its attendance at those depositions would not be considered evidence of substantial participation in the litigation process.
Although Bama Exterminating entered the O’Neals’ property on three occasions to confirm the alleged termite damage, to appraise the damage allegedly caused by the termite infestation and the costs to repair the damage, and to appraise the value of the house, it is clear from the record that Bama Exterminating was merely gathering the information necessary for purposes of mediation and/or settlement discussions.[3] Bama Exterminating invoked Rule 34, Ala. R. Civ. P., and moved the trial court to compel a fourth inspection of the O’Neals’ house only after the O’Neals had alleged, in January 2012, the presence of a new active termite infestation and had denied Bama Exterminating’s termite expert access to the property to confirm the presence of a new infestation. Bama Exterminating also filed its notice of intent to serve third-party subpoenas on the O’Neals’ expert after the O’Neals had alleged the presence of a new active infestation.
The O’Neals point to Bama Exterminating’s motion for a judgment on the pleadings to limit its damages to $50,000 as evidence of its substantially participad ing in the litigation process. Bama Exterminating’s request that the trial court limit its damages to $50,000 appears inconsistent with an intention to compel arbitration, because the issue of damages would generally be an issue to be determined by the arbitrator. However, “the mere filing of a pleading does not constitute a waiver of the right to compel arbitration.” Salter, 846 So.2d at 1081.
In Zedot Construction, supra, Zedot, a general contractor on a construction project, entered into a subcontract with Red Sullivan’s Conditioned Air Services, Inc. (“CAS”), to perform certain work on the *410 project. The subcontract contained an arbitration clause. Subsequently, Zedot terminated CAS and employed a new subcontractor. CAS sued Zedot, asserting various theories on which it sought recovery. Zedot moved the trial court to dismiss the complaint against it, arguing that the claims were barred by the applicable statute of limitations; the motion to dismiss made no mention of the arbitration clause. In support of its motion to dismiss, Zedot attached an affidavit. Because the trial court did not exclude the affidavit, Zedot’s motion to dismiss was converted to a motion for a summary judgment. CAS filed a response in opposition to the motion for a summary judgment. The trial court denied Zedot’s motion and ordered it to answer CAS’s complaint. Zedot answered the complaint, pleading arbitration as an affirmative defense. Thereafter, Zedot moved the trial court to compel arbitration. CAS responded that Zedot had waived its right to compel arbitration by substantially participating in the litigation process. The trial court agreed and denied the motion to compel arbitration.
Zedot argued on appeal that the filing of its motion to dismiss, which was treated as a motion for a summary judgment, was the only pleading Zedot had filed before it asserted the affirmative defense of arbitration in its answer and that the filing of that motion did not constitute a substantial invocation of the litigation process. This Court agreed, stating:
“Before moving to compel arbitration, Zedot did nothing more than file a motion to dismiss and an answer to CAS’s complaint. That Zedot’s motion to dismiss was treated as one for a summary judgment is, in and of itself, not disposi-tive of the issue whether Zedot substantially invoked the litigation process. The affidavit attached to Zedot’s motion was simply intended to show that Zedot was a licensed contractor, which is a prerequisite to the application of the statute of limitations set out in § 6-5-221. The affidavit did not impose on CAS a burden to engage in discovery in order to oppose Zedot’s motion.”
Zedot Constr., 947 So.2d at 399.
Bama Exterminating’s motion for a judgment on the pleadings to limit its damages to $50,000 was based on a provision contained in the service contract the O’Neals appended to their original complaint in this case and, therefore, did not go beyond or outside the pleadings. This motion, like the motion to dismiss in Zedot, did not impose a burden on the O’Neals to engage in discovery in order to oppose, especially as it was the O’Neals who appended the service contract to their complaint. In fact, the only opposition to the motion for a judgment on the pleadings offered by the O’Neals was their motion for a clarification contending that the motion should be treated as one for a summary judgment. The O’Neals offered no substantive opposition to the contract provision limiting Bama Exterminating’s damages to $50,000. The motion was made after Bama Exterminating had twice raised arbitration as an affirmative defense to the claims asserted by the O’Neals. Subsequent to the filing of this motion, Bama Exterminating again made known its intention to compel arbitration when it informed the O’Neals that any response to their earlier discovery requests — which Bama Exterminating did not comply with — “should not be interpreted by you ... to mean Bama Exterminating intends to waive its right to compel arbitration in this case.” Accordingly, we cannot say that Bama Exterminating waived its right to compel arbitration by moving the trial court for a limited judgment on the pleadings based on the facts in this case.
*411 Finally, the O’Neals give great importance to the joint motion filed on April 9, 2012, seeking a continuance of the case after it had been set for trial, as indicative of Bama Extermmating’s substantially invoking the litigation process. The O’Neals argue that the motion made no mention of Bama Extermmating’s arbitration defense, stated that “additional discovery [was] needed for the parties to adequately prepare this case for trial,” and requested that the trial court set the case for trial at another time. Again, we cannot say that this joint motion filed by the parties constituted a waiver of Bama Exterminating’s right to compel arbitration.
As noted above, Bama Exterminating had raised arbitration as an affirmative defense in its first responsive pleading and again in response to the O’Neals’ amended complaint, which was filed after the joint motion to continue. Further, at the time the parties jointly moved the trial court for a continuance, the initial trial date was less than two months away on June 5, 2012. The parties had agreed to mediate the case but had not yet done so.[4] The joint motion to continue informed the trial court that the parties had agreed to mediate the case and that little discovery had thus far been completed. Assuming mediation was unsuccessful, as was the case, should arbitration not have been ordered, the parties would have needed to conduct additional discovery in order to prepare the case for trial. The parties forthrightly informed the trial court of this in the joint motion to continue. When the joint motion to continue is viewed in this context, it cannot be considered as an intention by Bama Exterminating to waive its right to compel arbitration.

Conclusion

After reviewing the record in this case, we conclude that the O’Neals have faded to meet their heavy burden of establishing that Bama Exterminating waived its right to compel arbitration by substantially invoking the litigation process. Because we have concluded that Bama Exterminating has not substantially invoked the litigation process, we pretermit discussion of whether the O’Neals were prejudiced.
AFFIRMED.
STUART, SHAW, MAIN, WISE, and BRYAN, JJ., concur.
MOORE, C.J., and PARKER and MURDOCK, JJ., dissent.

. Bama Exterminating never responded to the O’Neals' discovery requests.

. The O'Neals do not dispute that a "contract calling for arbitration" exists and that that contract "evidences a transaction affecting interstate commerce.” See Elizabeth Homes, L.L.C. v. Gantt, 882 So.2d 313, 315 (Ala.2003).

. The parties first discussed settlement and mediation on July 6, 2011, and further discussed those topics on numerous occasions from August 22, 2011, through November 22, 2011.

. As noted above, the trial court on April 4, 2012, set the case for trial on June 5, 2012, and five days later, on April 9, 2012, the parties filed their joint motion to continue. The mediation, which was unsuccessful, took place on June 6, 2012.