STUART, Justice.
Hoover General Contractors—Home-wood, Inc. (“HGCH”), appeals an order of the Winston Circuit Court denying HGCH’s motion to compel arbitration of its dispute with Gary Key regarding work performed by HGCH on Key’s house in Jasper after that house was damaged by a fire. We reverse and remand.
I.
On August 16, 2013, Key’s house was damaged by a fire. At the time of the fire, Key held a homeowner’s insurance policy issued by Trinity Universal Insurance Company providing coverage for the house, the personal property in the house, and any associated loss of use of the house. On January 13, 2014, Key executed a contract with HGCH providing that HGCH would repair Key’s house for a cost of $83,234. That contract also contained the following arbitration clause:
“Any dispute arising out of or relating to this agreement or the breach, thereof, and if said dispute cannot be settled through direct discussion,., the parties agree to participate in binding arbitration. The BBB Community Mediation Center, an independent, neutral, third party is named as the binding arbitration service. A volunteer BBB arbitrator will render a decision he/she considers to be fair and just. The fee for arbitration will be paid by both parties at the current rate of the BBB of North Alabama Community Mediation Center. ■This agreement affects legal rights of both parties as they are agreeing to resolve the dispute between them described above by binding arbitration, rather than litigation in any court other than for claims that fall within the jurisdiction of small claims court. The arbitrators are empowered to award damages in accordance with Section 1.5 (Limitations of Liability) and may not award punitive damages.”
HGCH thereafter began the work on Key’s house.
. At some point, Key became dissatisfied with HGCH’s work. Key was also dissatisfied with the service and valuation of his loss provided by Trinity Universal and, on September 4, 2014, Key sued HGCH and Trinity Universal, asserting breach-of-contract, negligence/ wantonness, suppression, conversion, and tort-of-outrage claims against both defendants, as well as a bad-faith-failure-to-pay claim against Trinity Universal. On September 9, 2014, HGCH sent counsel for Key a letter denying that it had failed to perform work it had been paid for and denying that it had allowed building materials intended to be used in Key’s house to be damaged. HGCH also stated that it had met with Key that same day, that Key wanted it to resume work on his house, and that HGCH was ready to do so, but that Key was “having difficulty managing the payment process to [HGCH] that is necessary to continue the repairs.” Accordingly, HGCH asked counsel to contact it to discuss possible solutions to managing the payment process so it could finish the repairs to Key’s house. On September 16, 2014, HGCH, acting pro se, filed a copy of this letter with the trial court. On October 16, 2014, HGCH filed notice with the trial court that *552 it had retained counsel, as well as a separate answer providing, in toto: “Comes now the defendant, [HGCH], by and through counsel and for answer to the complaint states as follows: 1. The defendant pleads general denial.”
On November 20, 2014, Key amended his complaint to assert a slander-of-title claim against HGCH resulting from a lien HGCH had recorded on Key’s house with the Walker County Probate Judge on October 28, 2014. On December 8, 2014, HGCH filed an answer to Key’s amended complaint in which it again stated, in whole, that “[t]he defendant pleads general denial.”
On March 4, 2015, HGCH, asserting for the first time that an arbitration agreement existed that encompassed its dispute with Key, moved the trial court to compel Key to arbitrate his claims pursuant to the terms of the arbitration clause in their contract. On May 28, 2015, Key filed his opposition to HGCH’s motion to compel arbitration, arguing that HGCH had waived any right to rely on the arbitration clause in their contract inasmuch as HGCH had failed to assert any right to arbitration or to plead arbitration as an affirmative defense in any of its three previous “answers”—the September 9 letter filed with the trial court, the October 16 answer, or the December 3 answer to Key’s amended complaint. That same day, HGCH filed an amended answer asserting various affirmative defenses, including arbitration. Subsequently, on June 2, 2015, Key moved the trial court to strike that amended answer.
On June 5, 2015, HGCH filed counterclaims against Key, including a breach-of-contract claim and a claim seeking to enforce the lien previously recorded with the Walker County Probate Judge. HGCH also separately filed a second motion to compel arbitration, and both parties thereafter filed additional memoranda with the trial court arguing the arbitration issue. On June 26, 2015, the trial court denied HGCH’s motion to compel arbitration; HGCH now appeals that order.
II.
Our standard of review of a ruling denying a motion to compel arbitration is well settled:
“ ‘This Court reviews de novo the denial of a motion to compel arbitration. Parkway Dodge, Inc. v. Yarbrough, 779 So.2d 1205 (Ala.2000). A motion to compel arbitration is analogous to a motion for a summary judgment. TranSouth Fin. Corp. v. Bell, 739 So.2d 1110, 1114 (Ala.1999). The party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that the contract evidences a transaction affecting interstate commerce. Id. “[A]fter a motion to compel arbitration has been made and supported, the burden is on the non-movant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question.” Jim Burke Automotive, Inc. v. Beavers, 674 So.2d 1260, 1265 n. 1 (Ala.1995) (opinion on application for rehearing).”’
Elizabeth Homes, L.L.C. v. Gantt, 882 So.2d 313, 315 (Ala.2003) (quoting Fleetwood Enters., Inc. v. Bruno, 784 So.2d 277, 280 (Ala.2000)). In this case, it is undisputed that a contract calling for arbitration exists and that the transaction that is the subject of that contract affects interstate commerce. Accordingly, the sole issue in this appeal is whether Key established that the subject arbitration clause does not apply to his dispute with HGCH because HGCH allegedly waived its right to invoke that clause.
*553 III.
Key argues that HGCH has waived its right to enforce the arbitration clause in their contract because 1) HGCH did not assert arbitration as an affirmative defense in any of its first three pleadings, and 2) HGCH, he argues, has substantially invoked the litigation process so that he would now be prejudiced if forced to submit his claims to arbitration. With regard to Key’s first argument, we note that Rule 8(c), Ala. R. Civ. P., does list “arbitration and award” as an affirmative defense that should be asserted when “pleading to a preceding pleading.” Inasmuch as arbitration is an affirmative defense, Key argues that HGCH waived that affirmative defense by not asserting it in its first three pleadings. In support of this argument, Key cites Ex parte Liberty National Life Insurance Co., 858 So.2d 950, 953 (Ala.2003), in which this Court stated that “[tjypically, if a party fails to plead an affirmative defense, that defense is deemed to have been waived.” (Citing Robinson v. Morse, 352 So.2d 1355, 1356 (Ala.1977), citing in turn 5 Wright & Miller, Federal Practice & Procedure § 1278, pp. 339-52.) However, as noted in the very next sentence of the Ex parte Liberty National opinion, “there are exceptions to this rule.” 858 So.2d at 953. One such exception involves arbitration.
This Court has repeatedly noted that the Federal Arbitration Act, 9 U.S.C. § 1 et seq., sets forth a strong federal policy in favor of arbitration and that there exists a strong presumption against finding that a party has waived the right to compel arbitration; accordingly, any party seeking to establish such a waiver bears a heavy burden. See, e.g., O’Neal v. Bama Exterminating Co., 147 So.3d 403, 408 (Ala.2013). In light of these principles, we have stated that a party’s failure to assert the existence of an arbitration clause in an initial pleading does not irrevocably bar that party from subsequently invoking that clause. See Ex parte Hood, 712 So.2d 341, 346 (Ala.1998) (“[W]e would also affirm that simply failing to plead in one’s answer that a plaintiffs claims are subject to arbitration will not in itself constitute a waiver.”), and Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 So.2d 1, 3 (Ala.1986) (“ Whether participation in an action is a waiver of the right to arbitration depends on whether the participation bespeaks an intention to abandon the right.... It has been held that the service of an answer in an action on the contract does not constitute waiver of the right to arbitration, even though the answer does not set up the arbitration clauses as a defense.... The mere serving of an answer and the making of a motion to dismiss a complaint does not constitute a waiver.’”) (quoting 6 C.J.S. Arbitration § 37 (1975) (emphasis added)). Rather, the appropriate test for determining whether there has been a waiver is whether the party’s actions as a whole have substantially invoked the litigation process and whether the party opposing arbitration would be prejudiced if forced to submit its claims to arbitration subsequent to the other party’s actions invoking the litigation process. O’Neal, 147 So.3d at 408. Thus, Key’s argument that HGCH waived its right to enforce the arbitration clause solely because it did not assert arbitration as an affirmative defense in its initial pleadings is without merit; however, the facts surrounding HGCH’s participation in this action prior to asserting a right to arbitration—including its filing of its first three pleadings—are properly a matter for consideration in the context of Key’s second argunient: Whether HGCH waived its right to arbitration by substantially invoking the litigation process.
*554 Aside . from its efforts to compel arbitration, HGCH’s .participation in this case consists of filing three separate pleadings, twice moving to. continue the pretrial conference, and filing counterclaims. HGCH has not sought any discovery from Key, nor has Key directed any discovery requests to HGCH.[1] No hearings have been held on any issue other than the arbitration issue. As our discussion of Key’s first argument, supra, indicates, the filing of an answer typically does not constitute a substantial invocation of the litigation process. See Ex parte Dyess, 709 So.2d 447, 453 (Ala.1997) (“We agree with [the respondent] that answering a complaint does not ‘substantially invoke’ the litigation process.”). Nor are we inclined to assign much importance to the two motions filed by HGCH seeking to continue the pretrial conference—both of which indicate that Key was not opposed to the requested continuance. See O’Neal, 147 So.3d at 411 (holding that a joint motion to continue the trial of the case was not indicative of the appellee’s substantially invoking the litigation process so as to waive its right to arbitration).
Finally, we consider the effect of HGCH’s filing of counterclaims seeking to enforce a lien and alleging breach of contract by Key. Initially, we note that this Court has stated that “[m]erely answering on the merits, asserting a counterclaim (or cross-claim) or participating in discovery, . without more, will not constitute a waiver [of the right to arbitrate],” Voyager Life Ins. Co. v. Hughes, 841 So.2d 1216, 1219 (Ala.2001) (internal quotation marks omitted) (emphasis added). In Paragon Ltd. v. Boles, 987 So.2d 561, 562 (Ala.2007), this Court addressed a situation similar to the one presented in this case—a plaintiff sued a homebuilder; the homebuilder recorded a lien against the plaintiffs property; and the homebuilder then asserted counterclaims against the plaintiff, including a claim seeking to enforce the recorded lien. In concluding that the filing of the lien and the counterclaim based on the lien did not amount to a waiver of the right to arbitration, the Paragon Court observed:
“Other jurisdictions have directly addressed the specific issue now before this Court and have held that filing a lien does not.constitute a waiver of the right to enforce an agreement to arbitrate. Stewart v. Covill & Basham Constr., LLC, 317 Mont, at 153, 75 P.3d 1276 (2003); Homestead Savings & Loan Ass’n v. Superior Court In & For Marin County, 195 Cal.App.2d 697, 16 Cal.Rptr. 121 (1961). In Stewart, the .Supreme Court of Montana reasoned that filing a lien does not constitute a waiver of the right to arbitrate- because the ‘filing of a construction lien was not to advance litigation, but rather to protect [the contractor’s] statutorily created security interest in the property. Any prejudice to [the homeowner] resulting from the filing of the lien would have occurred whether the parties had arbitrated or litigated.’ Stewart, 317 Mont, at 158, 75 P.3d at 1279. Similarly, in Homestead Savings & Loan Ass’n, the California District Court of Appeal reasoned. as follows:
“ ‘The time in which to file for record a mechanic’s lien is relatively short. It requires no action by the opposing party. It does preserve the status quo of the property. Under section 1200 of the Code of Civil Procedure the real party in interest had a right to file a separate action to obtain a *555 personal judgment against the person personally liable for such debt, notwithstanding his lien. In view of these circumstances, the filing of a claim of lien is not inconsistent with, or a repudiation of, arbitration of the personal liability under the contract, and is not a waiver of it.’
“195 Cal.App.2d at 701, 16 Cal.Rptr. at 122.
“In the present case, the only way [the homebuilder] could protect any interest it had in the property against a third-party claim was by filing a lien. [The homebuilder] was required to file the lien within a relatively short period after the' last item of. work was performed. See § 35-11-215, Ala.Code 1975 (providing- that the lien must 'be filed within six months); see also § 35-11-221, Ala.Code 1975 (providing that ‘[a]ny action for the enforcement of the lien declared in this division must be commenced within six months after the maturity of the entire indebtedness secured thereby’). Filing the lien merely protected [the homebuilder’s] rights to the property. Filing the lien did not substantially invoke any litigation concerning the construction contract.”
987 So.2d at 566.
We similarly hold that HGCH’s recording of a lien against Key’s property—action, we note, taken in the office of the Walker County Probate Judge, not in the trial court—and HGCH’s filing of counterclaims, including a claim seeking to enforce that lien, did not substantially invoke the litigation process so as to waive HGCH’s right to enforce the arbitration clause in its contract with Key. Moreover, having concluded that none of HGCH’s individual actions during the course of this case substantially invoked the litigation process, we also conclude that HGCH’s actions in the aggregate have not substantially invoked the litigation process.
Inasmuch as we have concluded that HGCH did not substantially invoke the litigation process, it is unnecessary to fully consider the second prong of the test for determining whether a party has waived its right to arbitration, that is, whether the party opposing arbitration would be substantially prejudiced by an order requiring it to submit to arbitration. We note in conclusion only that Key has submitted no evidence in support of his claim that he would be substantially prejudiced if he is compelled to arbitrate his claims. This Court has previously noted that “a party alleging prejudice is unlikely to prevail without presenting supporting evidence,” Aurora Healthcare, Inc. v. Ramsey, 83 So.3d 495, 501 (Ala.2011); thus, it seems unlikely that the second prong of the arbitration-waiver test would favor Key.
IV.
Six months after Key sued HGCH asserting claims stemming from HGCH’s work rebuilding Key’s house after a fire, HGCH moved the trial court to compel Key to arbitrate those claims pursuant to an arbitration clause in the contract Key had entered into with HGCH. The trial court denied HGCH’s motion to compel; however, that denial was error because Key failed to establish through substantial evidence that HGCH had waived its right to arbitration by substantially invoking the litigation process. Accordingly, the order entered by the trial court denying HGCH’s motion to compel arbitration is hereby reversed and the cause remanded for the trial court to enter a new order compelling Key to arbitrate his claims pursuant to the terms of his contract with HGCH.
REVERSED AND REMANDED.
*556 ' PARKER, SHAW, MAIN, and WISE, JJ., concur.
MOORÉ, C.J., recuses himself.

. HGCH’s codefendant Trinity Universal has begun the discovery process with Key; however, there has been no suggestion by any party that Key's claims against Trinity Universal are subject to arbitration.